# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KC Turbos, LLC, an Arizona limited liability company,<br><br>       Plaintiff,<br>v.<br>Turbo Charger Systems, Inc., an Oregon corporation; Kent R. Barnes, Jr., and Jane Doe Barnes, husband and wife,<br><br>       Defendants. | No. CV 24-00235-PHX-MTM<br><br>**ORDER** |

Plaintiff KC Turbos LLC filed a Complaint against Defendants Turbo Charger Systems, Inc. ("TCSI") and Kent R. Barnes, Jr. ("Barnes") alleging false advertising under the Lanham Act, 15 U.S.C. §§ 1125, and for commercial disparagement and unfair competition under Arizona law. The docket reflects that service has already been completed on the primary defendant in this matter – Turbo Charger Systems, Inc. ("TCSI"). Plaintiff now files a Motion for Leave to Perform Alternative Service pursuant to Arizona Rule of Civil Procedure 4.1(k) as to the individual Defendant, Mr. Barnes (who Plaintiff claims is TCSI's principal).

The Court must determine whether service by alternative means is warranted under Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In turn, Rule 4.1(k) authorizes alternative means of service "within Arizona" and provides the following procedure:

>(1) [ ] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
>(2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1), (2). The impracticable standard "does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.' This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citations omitted) (finding alternative service was warranted when the plaintiff experienced five failed attempts at physical service*)*; *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010) (finding alternative service was warranted when the plaintiff experienced five failed attempts at physical service and other failed efforts to locate the defendant at work); *Sobh v. Phoenix Graphix Inc.*, 2019 WL 8326075, at *2 (D. Ariz. Jan. 10, 2019) (finding alternative service was warranted when the plaintiff experienced four failed attempts at physical service and other failed efforts to enter the defendant's residential community).

Here, although the facts support a finding that service has proven to be "extremely difficult or inconvenient" as Plaintiff has documented numerous attempts to physically serve Defendant at his residential address listed in Scappoose, Oregon to no avail, Rule 4.1(k) authorizes alternative means of service only "within Arizona." As such, it appearing that Defendant Barnes resides outside the State of Arizona, Plaintiff's Motion for Leave to Perform Alternative Service pursuant to Arizona Rule of Civil Procedure 4.1(k) will be denied.

\\\

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Perform Alternative Service (Doc. 14) is **DENIED**.

Dated this 24th day of June, 2024.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge