**CHDB LAW LLP**
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
P. 480-427-2800; F. 480-427-2801
minuteentries@chdblaw.com
Carlotta L. Turman - SBN 022305
Carlotta.Turman@chdblaw.com
Eden G. Cohen - SBN 034529
Eden.Cohen@chdblaw.com
*Attorneys for Defendants Turbo Charger Systems, Inc. and Kent R. Barnes*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KC Turbos, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Turbo Charger Systems, Inc., an Oregon corporation; Kent R. Barnes, Jr., and Jane Doe Barnes, husband and wife,<br><br>Defendants. | Case No. 2:24-cv-00235-MTM<br><br>**ANSWER TO COMPLAINT**<br><br>(Assigned to the Honorable Michael T. Morrissey) |

Defendants Turbo Charger Systems, Inc. ("TCS"), and Kent R. Barnes ("Defendant Barnes") (collectively "Defendants"), by and through undersigned counsel, hereby admit, deny and allege as follows:

## PARTIES

1. Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

AFI.TURBOCS.01

2. Upon information and belief, Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Answering the allegations in Paragraph 3 of the Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, deny the same.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint, and affirmatively assert they no longer operate the domain www.TurboChargerSystems.com.

## JURISDICTION AND VENUE

6. Answering the allegations in Paragraph 6 of the Complaint, Defendants admit that subject matter and supplemental jurisdiction are proper. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny the same.

7. Answering the allegations in Paragraph 7 of the Complaint, Defendants affirmatively allege that they no longer operate the domain www.TurboChargerSystems.com. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny the same.

8. Answering the allegations in Paragraph 8 of the Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, deny the same.

9. Answering the allegations in Paragraph 9 of the Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, deny the same.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

10. Answering the allegations in Paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny the same.

11. Answering the allegations in Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, therefore, deny the same.

12. Answering the allegations in Paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, deny the same.

13. Answering the allegations in Paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny the same.

14. Answering the allegations in Paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny the same.

15. Answering the allegations in Paragraph 15 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny the same.

16. Answering the allegations in Paragraph 16 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Answering the allegations in Paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and, therefore, deny the same.

20. Answering the allegations in Paragraph 20 of the Complaint, Defendants admit only that Defendant Barnes posted the statement contained in Example 1. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Answering the allegations in Paragraph 21 of the Complaint, Defendants admit only that Defendant Barnes posted the statement contained in Example 1. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Answering the allegations in Paragraph 22 of the Complaint, Defendants admit only that Defendant Barnes posted the statement contained in Example 1. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Answering the allegations in Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and, therefore, deny the same.

24. Answering the allegations in Paragraph 24 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and, therefore, deny the same.

25. Answering the allegations in Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Answering the allegations in Paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny the same.

27. Answering the allegations in Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny the same.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Answering the allegations in Paragraph 29 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny the same.

30. Answering the allegations in Paragraph 30 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny the same.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Answering the allegations in Paragraph 32 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and, therefore, deny the same.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. In answering the allegations in Paragraph 34 of the Complaint, Defendants admit only that Defendant Barnes posted the statement contained in Example 6. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Answering the allegations in Paragraph 35 of the Complaint, Defendants admit only that Defendant Barnes posted the statement contained in Example 6. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

**FIRST CLAIM OF RELIEF**
**False Advertising; 15 U.S.C. § 1125(a)**
**Against All Defendants**

39. Answering the allegations in Paragraph 39 of the Complaint, Defendants reallege and incorporate herein by reference Paragraphs 1 through 38 of this Answer as

6

though fully set forth herein.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Answering the allegations in Paragraph 44 of the Complaint, Defendants admit only that Defendant Barnes posted the statements contained in Examples 1 and 6. Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Commercial Disparagement**
**Against All Defendants**

50. Answering the allegations in Paragraph 50 of the Complaint, Defendants reallege and incorporate herein by reference Paragraphs 1 through 49 of this Answer as though fully set forth herein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Answering the allegations in Paragraph 54 of the Complaint, Defendants admit only that Defendant Barnes posted the statements contained in Examples 1 and 6, and that Defendant Barnes never contacted Plaintiff regarding his statements. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Unfair Competition**
**Against All Defendants**

56. Answering the allegations in Paragraph 56 of the Complaint, Defendants reallege and incorporate herein by reference Paragraphs 1 through 55 of this Answer as though fully set forth herein.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Answering the allegations in Paragraph 58 of the Complaint, Defendants admit only that Defendant Barnes posted the statements contained in Examples 1 and 6. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny each and every allegation set forth in the Complaint not specifically admitted or denied herein.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's purported claims, Defendants assert the following affirmative defenses. Defendants do not assume the burden

of proving any fact or element of a claim where the burden belongs to Plaintiff.

62. Defendants affirmatively allege that Plaintiff fails to state a claim upon which relief can be granted.

63. Defendants affirmatively allege that Plaintiff's claims are time-barred by the applicable statute of limitations.

64. Defendants affirmatively allege that the Court lacks personal jurisdiction over Defendants.

65. Defendants affirmatively allege insufficient service of process on Defendants.

66. Defendants affirmatively allege that Plaintiff's claims are barred by reason of Plaintiff's unclean hands, bad faith, or wrongful conduct.

67. Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, for failure to reasonably mitigate, minimize, or avoid damages, if any.

68. Defendants affirmatively allege that their statements regarding Plaintiff were made based on Defendants' First Amendment Right to freedom of speech.

69. Defendants affirmatively allege that the statements made by Defendants were statements of opinion rather than false expressions of fact.

70. Defendants affirmatively allege that the statements made by Defendants were mere puffery.

71. Defendants affirmatively allege that their statements were made based on representations made by third parties and Defendants had no reason to believe those representations were untruthful.

72. Defendants affirmatively allege that the imposition of punitive damages against Defendants in this case would violate the Due Process Clause of Amendments V and XIV of the United States Constitution because such an award under these facts would violate Defendants' right to procedural and substantive due process and because the alleged culpability of Defendants' conduct is not so reprehensible as to warrant further additional sanctions after an award of compensatory damages.

73. Defendants affirmatively allege that the imposition of punitive damages in this case would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003), and *Philip Morris USA v. Williams*, (No. 05-1256), February 20, 2007.

74. Defendants affirmatively allege that Plaintiff's claims are barred because they may result in unjust enrichment to Plaintiff to the detriment of Defendants.

75. Defendants affirmatively allege that Plaintiff's damages, if any, were solely caused and/or contributed to by Plaintiff's own actions and/or omissions.

76. Defendants affirmatively allege that Plaintiff's alleged damages, if any, were caused, in whole or in part, by others actions and/or omissions, for whom Defendants are not responsible or liable.

77. Discovery has not yet been conducted in this matter. Defendants respectfully request leave to amend this Answer in the event facts revealed through discovery form a basis for pleading any of the affirmative defenses set forth under Rules 8(c) and 12(b), Fed.

R. Civ. P., and all the following affirmative defenses which may or may not be contained therein: estoppel, fraud, illegality, laches, license, release, statute of frauds, and waiver, or any other defense as may be revealed through discovery and disclosure. Defendants reserve the right to raise additional affirmative defenses as determined to be appropriate.

## JURY DEMAND

Defendants demand a trial by jury as to all matters so triable.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for judgment in their favor and against Plaintiff as follows:

A. Dismissal of Plaintiff's Complaint with prejudice.

B. Awarding Defendants their attorneys' fees and costs incurred pursuant to 15 U.S.C. § 1117(a).

C. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of March 2025.

**CHDB LAW, LLP**

By: */s/ Eden G. Cohen*
　　Carlotta L. Turman, Esq.
　　Eden G. Cohen, Esq.
　　1400 E. Southern Ave., Suite 400
　　Tempe, Arizona 85282-5691
　　*Attorneys for Defendants Turbo Charger*
　　*Systems, Inc. and Kent R. Barnes*

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

>David S. Gingras, Esq.
>Gingras Law Office, PLLC
>4802 E. Ray Road, #23-271
>Phoenix, Arizona 85044
>David@GingrasLaw.com
>Attorney for Plaintiff KC Turbos, LLC

By: /s/*Brianne Roberts*